Nelson, Senior Circuit Judge,
dissenting:
Because I believe Cerón sufficiently exhausted his argument that the IJ and BIA failed to presume the truth of his testimony, and that he also sufficiently raised a pattern or practice of persecution of a group of persons claim, I respectfully dissent.
In my view, Cerón, who was pro se for a majority of the proceedings before the IJ and BIA, adequately raised to the BIA the issue of the IJ’s consideration of his credibility such that we have jurisdiction to consider the merits of his argument. See Ren v. Holder, 648 F.3d 1079, 1083-84 (9th Cir. 2011) (internal quotations and citations omitted) (“We do not employ the exhaustion doctrine in a formalistic manner, especially where the petitioner is pro se; general contentions can suffice as long as they put the BIA on notice of the contested issues.”); Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1183-84 (9th Cir. 2001) (‘We hold that even though [the petitioner] never specifically invoked the phrase ‘equitable tolling’ in his briefs to the BIA, he sufficiently l-aised the issue before the BIA to permit us to review the issue on appeal.”).
Next, I believe a fair reading of Ceron’s December 2013 and April 2014 briefs demonstrates that he has raised a pattern or practice claim. Ceron’s December 2013 brief states that “based on different articles in Mexico it is clear that Mr. Cerón will experience future persecution.” Cerón submitted documentary evidence on the persecution of individuals suffering from HIV/AIDS in Mexico, such as a news article about a gay, HIV-positive man who was tortured, beaten and suffocated, and found dead with a sign stating in part, “This is what happens to me for going around infecting people with AIDS.” Furthermore, Ceron’s April 2014 brief discusses the “widespread” “stigmatization and abuse of HIV-positive individuals or people with AIDS in Mexico,” and states that Cerón “will suffer persecution if forced to return to Mexico.”
Accordingly, I would find that we have jurisdiction to consider Ceron’s arguments that the IJ and BIA failed to presume the truth of his testimony, and that Cerón adequately raised a pattern or practice claim. Therefore, I would grant the petition.